**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| YERUCHAM STONE,<br><br>    Petitioner,<br><br>v.<br><br>BRACHA LEIBOWITZ STONE,<br><br>    Respondent. | Civil Action No. 19-17962 (MAS) (ZNQ)<br><br>**MEMORANDUM ORDER** |

This Memorandum Order addresses the remaining issues pending before the Court in this matter. On September 12, 2019, Petitioner Yerucham Stone ("Petitioner") filed a petition (the "Petition") (ECF No. 1) for the return of his three minor children (the "Minor Children") to Israel pursuant to the 1980 Hague Convention on Civil Aspects of International Child Abduction ("Hague Convention"), implemented through the International Child Abduction Remedies Act ("ICARA"), 22 U.S.C. § 9001 *et seq*. On September 19, 2019, Petitioner filed a Motion for an Order to Show Cause and Temporary Restraining Order. (ECF No. 9.) On October 15, 2019, Respondent Bracha Leibowitz Stone ("Respondent") responded to the factual allegations of the Petition, opposed the return of the Minor Children to Israel, and requested attorneys' fees and costs. (ECF No. 29.) The parties filed dueling motions for summary judgment on November 8, 2019. (ECF Nos. 48, 49.) The Court held an evidentiary hearing on November 26, 2019. (ECF No. 61.) On December 12, 2019, having considered the testimony and the relevant submissions, the Court denied the Petition. (ECF No. 66.) On December 20, 2019, the Court held a telephone status conference with the parties, wherein Respondent's counsel reiterated her request for

attorneys' fees and costs. (Tr. 3:17–18,[1] ECF No. 69; *see also* Resp't's Jan. 16, 2020 Correspondence, ECF No. 70.) The Court addresses these outstanding issues in turn.

First, as to Petitioner's Motion for an Order to Show Cause and Temporary Restraining Order and the parties' summary judgment motions, the Court finds that, because this dispute has been fully adjudicated on the merits, these motions are moot.

Second, the Court considers Respondent's request for attorneys' fees and costs. Respondent's counsel argues that 42 U.S.C. § 11601, which implemented the Hague Convention, permits the Court to award fees and costs to a successful respondent. (Tr. 4:17–21.) Although § 11601 may have originally implemented the Hague Convention, § 11601 has been superseded by 22 U.S.C. § 9001 *et seq.* Under the statute, a court ordering the return of a child pursuant to the statute "shall order *the respondent* to pay necessary expenses incurred by . . . petitioner, including court costs [and] legal fees." 22 U.S.C. § 9007(b)(3) (emphasis added). There is no provision, however, by which a respondent is eligible to recover fees and costs from a petitioner. *See id.* Moreover, other district courts have found that a prevailing respondent is not entitled to attorneys' fees. *See, e.g.*, *White v. White*, 893 F. Supp. 2d 755, 758 (E.D. Va. 2012) (noting that ICARA "does not provide for fees to a prevailing respondent, and indeed, does not even mention prevailing respondents"); *Thompson v. Gnirk*, No. 12-220, 2012 WL 3598854, at *17 (D.N.H. Aug. 21, 2012) (denying prevailing respondent's request for attorneys' fees because ICARA provides "no such [fee-shifting] provision for a prevailing respondent").[2]

---

[1] Citations to the Rough Uncertified Transcript of the December 20, 2019 Telephone Conference are denoted as "Tr."

[2] The courts in the cited cases were interpreting 42 U.S.C. § 11607, which is the version of the ICARA statute superseded by § 9007. The Court notes that the relevant language of the statutes is virtually identical.

2

Furthermore, "[u]nder the American rule, each party normally must bear the burden of its own legal expenses, including attorneys' fees." *Wilkes Barre Hosp. Co., LLC v. Wyo. Valley Nurses Ass'n Pasnap*, 453 F. App'x 258, 261 (3d Cir. 2011) (quoting *Mobil Oil Corp. v. Indep. Oil Workers Union*, 679 F.2d 299, 305 (3d Cir. 1982)). The Court finds no basis to depart from this principle in the instant case. The Court, accordingly, denies Respondent's request for an award of fees and costs.

For the foregoing reasons, and for good cause shown,

**IT IS** on this 30th day of January, 2020, **ORDERED** that,

1. Petitioner's Motion for an Order to Show Cause and Temporary Restraining Order (ECF No. 9) is **DENIED** as **MOOT**.

2. Petitioner's Motion for Summary Judgment (ECF No. 48) and Respondent's Motion for Summary Judgment (ECF No. 49) are **DENIED** as **MOOT**.

3. Respondent's request for attorneys' fees and costs is **DENIED**.

4. The Clerk will close this matter.

s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**